[Cite as *State v. Cooks*, 2015-Ohio-3380.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2014-CA-88 |
| | : | 2014-CA-89 |
| v. | : | 2014-CA-90 |
| | : | |
| JESSE COOKS | : | T.C. NO.  13CR692, 14CR95, |
| | : | 14CR50 |
| Defendant-Appellant | : | |
| | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___21st___ day of ____August____, 2015.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

RICHARD A. NYSTROM, Atty. Reg. No. 0040615, 6581 Atterbury Court, Dayton, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Jesse D. Cooks pled guilty in three separate cases to having a weapon under disability, possession of heroin, and trafficking in heroin.   The trial court sentenced him to

30 months, 12 months, and 12 months in prison, respectively, to be served consecutively to each other and to sentences in two prior cases. The court further ordered that certain property and cash be forfeited, that his driver's license be suspended, and that he pay court costs. Cooks appeals from his convictions.

{¶ 2} Cooks's counsel has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, he found "no reasonably appealable issues." Counsel identified one potential assignment of error, namely that the trial court erred and violated Cooks's constitutional rights in imposing consecutive sentences. By entry, we informed Cooks that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. No pro se brief was filed.

{¶ 3} The case is now before us for our independent review of the record. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). For the following reasons, the trial court's judgments will be affirmed. However, the cases will be remanded for nunc pro tunc entries correcting a clerical error in the judgment entries.

### Case No. 14 CR 95

{¶ 4} According to the police report, on September 16, 2013, a confidential informant working with detectives from the Clark County Sheriff's Office contacted Cooks to arrange the purchase of $200 worth of heroin. Cooks advised the informant that he would be at his residence. Using recorded buy money and a body camera provided by detectives, the informant met Cooks and exchanged the money for heroin in Cooks's driveway.

{¶ 5} The following day, September 17, 2013, a confidential informant contacted

Cooks to arrange the purchase of $100 of heroin. Cooks told the informant to meet him at a park at the end of Oakleaf Avenue. The informant and Cooks met at that location and completed the sale. The informant again used recorded buy money and a body camera provided by detectives. Detectives observed Cooks standing next to a black Chevy Tahoe at the time of the sale and saw Cooks operate the vehicle after the transaction was completed.

{¶ 6} On September 27, 2013, officers were observing Cooks's residence on Partage Path prior to executing a search warrant at the residence. At 8:45 a.m., Cooks left the residence in a gray Kia belonging to his girlfriend. An officer followed the vehicle and attempted to initiate a traffic stop. Cooks "fled at a high rate of speed." The officer lost sight of Cooks, but another officer located him. The second officer observed Cooks driving in a residential area, running several stops signs and reaching speeds of over 60 mph. The second officer also lost sight of Cooks.

{¶ 7} The search warrant was executed at 9:15 a.m. Cooks's girlfriend was in the house; she reported that she did not have any firearms or narcotics in the residence, that Cooks had her vehicle, and that the Tahoe was Cooks's vehicle, although it was titled in her name. Two handguns in a black bag were located in the master bedroom; one of the guns had been reported stolen. Another gun was located in the charcoal grill on the back porch. Other "firearm-related items" and "drug instruments" were found in the house and shed.

{¶ 8} On February 3, 2014 (after Cooks had been indicted in 13 CR 692 and 14 CR 50), Cooks was indicted on two counts of trafficking in heroin, in violation of R.C. 2925.03(A)(1). Count One alleged that the amount was greater than or equal to one

gram, but less than five grams, based on the September 16 transaction. Count Two was for an amount less than one gram, based on the September 17 transaction. Count Two contained a forfeiture specification regarding the Chevy Tahoe.

{¶ 9} Cooks was also indicted in this case on two counts of having weapons under disability. Count Three was based on Cooks's conviction for aggravated robbery in Clark County in 1994. Count Four was based on Cooks's prior convictions for possession of drugs in Clark County in 1992 and trafficking in heroin in Licking County in 2009.

### Case No. 13 CR 692

{¶ 10} According to the bill of particulars, on September 30, 2013, Springfield Police Officer Tyler Elliot performed a traffic stop of a black Chevy Tahoe driven by Cooks. Upon approaching the vehicle, the officer observed an open beer, and Cooks admitted to drinking it. Cooks was arrested for OVI. Upon removal of the beer, officers located a loaded .38 revolver by the driver's seat. Cooks admitted that the revolver was his. Cooks was arrested and released on bond.

{¶ 11} On October 7, 2013, Cooks was indicted on two counts of having weapons under disability. Count One, alleging a violation of R.C. 2923.13(A)(3), was based on the 1992 conviction for possession of drugs in Clark County and the 2009 conviction for trafficking in heroin in Licking County. Count Two, alleging a violation of R.C. 2923.13(A)(2), was based on Cooks's 1994 conviction for aggravated robbery in Clark County. Cooks was also indicted on two counts of improper handling of a firearm in a motor vehicle. These counts were based on the firearm being accessible to the operator or a passenger, in violation of R.C. 2923.13(B) (Count Three) and on Cooks's being

under the influence of alcohol, a drug of abuse, or both while transporting the firearm, in violation of R.C. 2923.13(D)(1) (Count Four).

### Case No. 14 CR 50

{¶ 12} According to the police report, on October 25, 2013, police officers were dispatched to Buffalo Wild Wings in reference to a man, Cooks, who was wanted on several outstanding warrants. The officers located Cooks at the bar area of the restaurant and arrested him without incident. At the time of his arrest, an officer found suspected heroin in a pack of cigarettes located inside Cooks's coat. Cooks's left front pants pocket contained numerous small baggies with suspected heroin. Cooks had $324 in cash in a different pocket of his pants. In all, Cooks had 5.6 grams of heroin in 14 separate baggies. Cooks was charged with trafficking in drugs and placed in the Clark County Jail.

{¶ 13} On January 21, 2014, Cooks was indicted for trafficking in heroin in an amount equal to or greater than five grams, but less than ten grams, and for possession of heroin. Count One of the indictment (trafficking) included a forfeiture specification for the $324 in cash that was located in Cooks's pocket.

### Pleas

{¶ 14} On July 7, 2014, Cooks pled guilty to one count of having weapons under disability, in violation of R.C. 2923.13(A)(3), a third-degree felony, in Case No. 13 CR 692. The State agreed to dismiss the remaining three counts in that case (one count of having weapons under disability and two counts of improper handling of a firearm in a motor vehicle), and the parties agreed to a presentence investigation. The plea agreement was filed on July 8. The court ordered a presentence investigation.

**{¶ 15}** On Friday, July 18, 2014, Cooks entered pleas in Case Nos. 14 CR 50 and 14 CR 95. In Case No. 14 CR 50, Cooks pled guilty to possession of heroin, a fifth degree felony, in violation of R.C. 2925.11(A). The parties agreed that Count One (trafficking in heroin) would be dismissed, that a presentence investigation would be conducted, and that "$324 found on his person shall be forfeited and used to pay costs toward all cases." The forfeiture of $324 was based on the agreement of the parties, not a plea to a forfeiture specification.

**{¶ 16}** In Case No. 14 CR 95, Cooks pled guilty to trafficking in heroin (Count 2) and the forfeiture specification regarding the Tahoe. The State agreed to dismiss the remaining counts and that a presentence investigation would be conducted. The parties agreed that $554 located during a search of Cooks's residence would be applied to costs and fines; the indictment did not include a forfeiture provision regarding the cash, and the allocation of the $554 to costs and fines was based on the parties' agreement, not a plea to a forfeiture provision.

**{¶ 17}** The trial court ordered that the presentence investigation report in Case No. 13 CR 692 be supplemented with information regarding Case Nos. 14 CR 50 and 14 CR 95, and it scheduled sentencing for all three cases for Monday, July 21, 2014.

### *Sentencing*

**{¶ 18}** On July 21, 2014, Cooks was sentenced in his three pending cases. With respect to Case No. 13 CR 692 (weapons under disability), the court imposed a 30-month sentence and ordered the sentence to run consecutively to two prior cases, Case Nos. 13 CR 48 and 13 CR 777, and to the two other pending cases, Case Nos. 14 CR 50 and 14 CR 95.

{¶ 19} In Case No. 14 CR 50 (possession of heroin), the trial court sentenced Cooks to 12 months in prison, to be served consecutively to Case Nos. 13 CR 48, 13 CR 777, 13 CR 692, and 14 CR 95. Cooks's driving privileges were suspended for five years. The court ordered that $324 that had been seized from Cooks be forfeited and used to pay fines and costs.

{¶ 20} In Case No. 14 CR 95 (trafficking in heroin), the trial court sentenced Cooks to 12 months in prison, to be served consecutively to Case Nos. 13 CR 48, 13 CR 777, 13 CR 692, and 14 CR 50. Cooks's driving privileges were suspended for five years. The court ordered the $554 to be seized by the clerk and applied to fines and costs. With respect to the Tahoe, the court found that the vehicle was used in the commission of a felony or an attempt to commit a felony and was subject to forfeiture; the court ordered Cooks's interest in the vehicle to be forfeited.

{¶ 21} Cooks was ordered to pay court costs in all three cases.

### Anders Review

{¶ 22} On appeal, Cooks's appellate counsel raises as a potential assignment of error that the trial court erred and violated Cooks's constitutional rights in imposing consecutive sentences totaling 90 months in prison.[1] In reaching an aggregate 90-month sentence, counsel refers to the 54 months (30+12+12 months) imposed in Case Nos. 13 CR 692, 14 CR 50, and 14 CR 95, as well as sentences imposed in Case Nos. 13 CR 48 (12 months) and 13 CR 777 (24 months).

{¶ 23} The records for Case Nos. 13 CR 48 and 13 CR 777 are not before us, but the charges and sentences are mentioned in the presentence investigation report.

---

[1] Counsel's brief indicates that the aggregate sentence in the five cases is 89 months. We calculate the aggregate sentence to be 90 months (30+12+12+12+24 = 90).

According to the PSI, in Case No. 13 CR 48, Cooks was convicted of possession of cocaine, and he was sentenced to one year in prison, a $1,500 fine, costs, and a 3-year driver's license suspension. In Case No. 13 CR 777, Cooks was convicted of failure to comply with an order or signal of a police officer. The court in that case imposed 24 months in prison, to be served consecutively to Case No. 13 CR 48, and a 5-year driver's license suspension.

{¶ 24} At the time of Cooks's convictions in the three cases before us, Cooks was 48 years old. Excluding these three cases, Cooks had 15 prior adult convictions. Five of those prior convictions involved driving under suspension. The other ten offenses consisted of: (1) 1988: drug abuse & theft (1 year in prison on each count), (2) 1992: drug abuse (1 year); (3) 1993: aggravated trafficking (1 year plus fine, restitution, and costs); (4) 1994: aggravated robbery (10-25 years, plus 3 year firearm specification, and costs); (5) 2006: possession of drugs (5 years of community control, fine); (6) 2009: domestic violence (180 days in jail, with 90 suspended, 2 years of community control); (7) 2009: trafficking in heroin (1 year in prison, costs); (8) 2013: operating a vehicle under the influence (3 days in jail, 12-month driver's license suspension, fine, costs); (9) 2013: possession of cocaine (1 year, fine, costs, 3-years driver's license suspension); and (10) 2014: failure to comply with an order or signal of a police officer (24 months, consecutive to 13 CR 48, 5-year driver's license suspension).

{¶ 25} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King,* 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its

discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard,* 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 26} R.C. 2929.11 requires trial courts to be guided by the overriding principles of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 27} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense; these factors include whether the physical or mental injury to the victim was exacerbated because of the physical or mental condition of the victim, serious physical, psychological, or economic harm suffered by the victim as a result of the offense, whether the offender's relationship with the victim facilitated the offense, and whether the offender committed the offense for hire or as a part of an organized criminal activity. R.C. 2929.12(C) sets forth four factors

indicating that an offender's conduct is less serious than conduct normally constituting the offense, including whether the victim induced or facilitated the offense, whether the offender acted under strong provocation, whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person or property, and the existence of substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶ 28} R.C. 2929.14(C)(4), concerning consecutive sentences, provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 29} Cooks has an extensive criminal history with convictions for drug abuse offenses spanning 20 years, a conviction for aggravated robbery, and various other offenses. Cooks has been sentenced to prison several times for his prior offenses, including a lengthy prison sentence for the aggravated robbery. The offenses for which Cooks was sentenced in the three cases before us involve illegal drugs and weapons. Upon review of the record in these cases, we find no non-frivolous argument that the trial court erred in imposing an aggregate 90-month sentence by ordering the sentences in these three cases to be served consecutively to each other and to the sentences in Case Nos. 13 CR 48 and 13 CR 777.

{¶ 30} The record reflects that the trial court considered R.C. 2929.11 and R.C. 2929.12 at sentencing, and it expressly mentioned factors under R.C. 2929.12. The trial court made the appropriate findings under R.C. 2929.14(C)(4) at sentencing to impose consecutive sentences and the record supports those findings. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. Given Cooks's convictions in the three cases before us and the information in the PSI, we find no basis to conclude that the trial court's order that Cooks's sentences run consecutively to each other and to two prior cases, for a total of 90 months, violated Cooks's constitutional rights.

{¶ 31}  We have reviewed the entire record in Case Nos. 13 CR 692, 14 CR 50, and 14 CR 95, including the transcripts of the plea hearings, the sentencing hearing, and the presentence investigation report.   Upon review of the record in these cases, we find no non-frivolous argument for appeal.

{¶ 32}  We note that the judgment entries do not include the statutory consecutive-sentence findings.  "A trial court's inadvertent failure to incorporate the statutory findings [for consecutive sentences] in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court."  *Bonnell* ¶ 30.   Accordingly, the failure to incorporate the findings, made at the sentencing hearing, into the sentencing entry, is not a basis for reversal of the judgment.   *State v. Snowden*, 2d Dist. Montgomery No. 26329, 2015-Ohio-1049, ¶ 13, ¶ 18.

{¶ 33}  The trial court's judgments will be affirmed.   However, the matter will be remanded to the trial court for the issuance of nunc pro tunc entries correcting the clerical error in the judgment entries.

. . . . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Ryan A. Saunders
Richard A. Nystrom
Jesse Cooks
Hon. Richard J. O'Neill