[Cite as *State v. Carson*, 2015-Ohio-3606.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

STATE OF OHIO                          :
                                       :
        Plaintiff-Appellee             :    C.A. CASE NO. 2014-CA-134,
                                       :                    2014-CA-135
v.                                     :
                                       :    T.C. NO. 14CR333, 14CR107
RICHARD CARSON                         :
                                       :    (Criminal appeal from
        Defendant-Appellant            :     Common Pleas Court)
                                       :

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___4th___ day of ____September____, 2015.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

ANN M. CURRIER, Atty. Reg. No. 0082305, 333 N. Limestone Street, Suite 202A, Springfield, Ohio 45503
        Attorney for Defendant-Appellant

RICHARD CARSON, Inmate #710875, Madison Correctional Institute, P. O. Box 740, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}**  This matter is before the Court on the Notice of Appeal of Richard Carson, filed November 14, 2014, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).   This Court granted Carson an opportunity to file a pro se brief, and he has not done so.   The State also did not file a brief in response.

**{¶ 2}**  The record before us reflects that Carson was indicted on February 18, 2014, on one count of trafficking in Oxycodone, in violation of R.C. 2925.03(A)(1), a felony of the fourth degree, in Case Number 2014 CR 107.   Carson entered a plea of not guilty on February 20, 2014, and on February 27, 2014, the court issued a "Notice of Hearing" setting forth a pretrial conference for May 1, 2014, and a jury trial for May 22, 2014.   On May 1, 2014, the court issued a capias for Carson's arrest after Carson failed to appear in court.   Carson was indicted, on May 12, 2014, in Case Number 2014 CR 333, on one count of failure to appear, in violation of R.C. 2937.29 and R.C. 2937.99, a felony of the fourth degree.   Carson was subsequently arrested, and on October 20, 2014, he pled guilty to trafficking in oxycodone and failure to appear, and the court ordered a pre-sentence investigation.   Carson was sentenced to 18 months in both cases, and the court ordered that the sentences be served consecutively for a total sentence of three years.

**{¶ 3}**  Counsel for Carson asserts that he can find no meritorious issues for appellate review, and that he "does not believe there are any assignments of error which may be brought before this Court."   As potential assignments of error, counsel for Carson asserts as follows:

> I)   whether or not the trial court appropriately considered the
> purposes of felony sentencing in R.C. 2929.11 and the factors in R.C.

2929.12 in determining the length and nature of Defendant-Appellant's sentence and

II) whether or not the Trial Court Judge abused his discretion by sentencing Defendant-Appellant to maximum consecutive sentences.

{¶ 4} In *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7 and 8, this Court noted as follows:

We are charged by *Anders* to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *State v. Pullen* (Dec. 6, 2002), Montgomery App. No. 19232.

*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal. *Pullen,* supra.

{¶ 5} The transcript of Carson's plea hearing reflects the following exchange:

THE COURT:   * * * These are Cases #14-CR-107, and 14-CR-333, State of Ohio v. Richard Carson.   The parties have presented the Court with a written plea agreement.   State want to put the terms on the record?

MR. PICEK: * * * In Case #14-CR-107, defendant will enter a plea of guilty to the indictment, one count of trafficking in Oxycodone, a felony of the fourth degree. The parties request a presentence investigation before sentencing.

In Case 14-CR-333, the defendant will enter a plea of guilty to the indictment, failure to appear. In exchange for that plea, the State would agree to recommend that if a prison sentence is imposed, that sentence be ran concurrent to the sentence in #14-CR-107.

The facts of these two cases are in Case #14-CR-107 on October 2, 2013, in Clark County, Ohio, Richard Carson sold ten (10) tablets of Oxycodone, a Schedule II controlled substance in the vicinity of a juvenile to a confidential informant.

In Case #14-CR-333, the facts of that case are that on February 14, 2014, Richard Carson was released on his own recognizance in what would be Case #14-CR-107, where he was under indictment for trafficking in drugs, a felony offense.

Thereafter, on May 1, 2014, he failed to appear for a pretrial as required by the conditions of that bond.

THE COURT: Is that your understanding of the plea agreement, Mr. Nowicki?

MR. NOWICKI: Yes. That's my understanding of the plea agreement, Your Honor.

THE COURT: Is that how you want to proceed this morning, Mr.

Carson?

THE DEFENDANT: Yes, Sir.

{¶ 6} The transcript of Carson's November 10, 2014 disposition reflects the following exchange:

MR. NOWICKI: Your Honor, in discussions with my client with respect to the failure to appear charge, he's indicated to me that there was some amount of flux going on with his address, and he thinks that the mail regarding that particular court date was sent to a different address other than where he was staying at;[1] but nonetheless, he has accepted responsibility for the failure to appear. And then also, Your Honor, with regards to the trafficking in drugs, he's also taken responsibility for that.

Your Honor, we'd just like to indicate to the Court that although my client has had some prior convictions (sic). The most recent one was six years ago. He is, I believe, a good candidate for community control; and he would definitely avail himself to any services available to the Court including, and not limited to, job placement, drug treatment, and things of that nature. Thank you.

* * *

THE COURT: State have anything?

MR. PICEK: Yes, Your Honor. The defendant does have a lengthy criminal record. He has four prior felony convictions. He has served four prior prison terms. Those were in the 1980s. The most recent

---

[1] We note that the February 18, 2014 "Recognizance of Accused," signed by Carson, required him to provide the court with written notice of any change of address.

was in 2008 for possession of drugs where he served six months in prison.

Based upon that and the facts and circumstances of these cases, the State does believe that a prison term is appropriate but would recommend any be ordered to be served concurrently with each other.   Thank you.

THE COURT:  The Court finds that the defendant does have four prior prison terms for breaking and entering, aggravated assault, unauthorized use of motor vehicle, and possession of drugs.

The Court finds that consecutive sentences are necessary to protect the public from future crime and to punish the defendant and are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public.  And that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

For the trafficking in Oxycodone, a felony of the fourth degree, the Court is going to order that the defendant be sentenced to eighteen months in the Ohio State Penitentiary.   There will be a three-year driver's license suspension.

For the failure to appear, the Court is going to order the defendant be sentenced to eighteen months in the Ohio State Penitentiary.

Those sentence will run consecutively for a total sentence of three years. * * *.

{¶ 7} Carson's Judgment Entry of Conviction in Case Number 2014 CR 107 provides:

On October 17, 2014, the defendant, while represented by counsel, entered a guilty plea to trafficking in oxycodone, a felony of the fourth degree, pursuant to Ohio Revised Code Section 2925.03 as set forth in the sole count of the indictment. The Court ordered a pre-sentence investigation and scheduled disposition for November 10, 2014 at 8:30 A.M.

On November 10, 2014, the defendant's sentencing hearing was held pursuant to Ohio Revised Code Section 2929.19. The defendant was present and represented by Shawn Murphy and the State was represented by Andrew Picek.

Upon review of the pre-sentence investigation report, the Court found that it has the discretion, pursuant to Ohio Revised Code Section 2929.13(B)(1)(b)(x), to impose a prison term upon the defendant because, at the time of the offense, the defendant previously had served four (4) prison terms.

The Court considered the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.

IT IS HEREBY ORDERED that the defendant serve a prison term of eighteen (18) months in the Ohio State Penitentiary with jail credit from November 10, 2014 until conveyance to the penitentiary system.

* * *

**{¶ 8}** Carson's Judgment Entry of Conviction in Case Number 2014 CR 333 provides as follows after noting Carson's plea of guilty to the charge of failure to appear:

* * *

The Court found pursuant to Ohio Revised Code Section 2929.14(C)(4) that consecutive sentences (1) are necessary to protect the public from future crime and to punish the defendant, (2) are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public, and (3) are necessary to protect the public from future crime by the defendant given the defendant's history of criminal conduct.

The Court considered the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.

**{¶ 9}** As this Court recently noted:

"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013–Ohio–2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500,

2011–Ohio–3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1, ¶ 38.

R.C. 2929.11 requires trial courts to be guided by the overriding principles of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense; these factors include whether the physical or mental injury to the victim was exacerbated because of the physical or mental condition of the victim, serious physical, psychological, or economic harm suffered by the victim as a result of the offense, whether the offender's relationship with the victim facilitated the offense, and whether the offender committed the offense for

hire or as a part of an organized criminal activity. R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense, including whether the victim induced or facilitated the offense, whether the offender acted under strong provocation, whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person or property, and the existence of substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

*State v. McGlothan*, 2d Dist. Clark Nos. 2014-CA-120, 2014-CA-121, 2014-CA-122, 2015-Ohio-2713, ¶ 9-11.

{¶ 10} R.C. 2929.13(B)(1)(b)(x) provides that the trial court "has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence," if the "offender at the time of the offense was serving, or the offender previously had served, a prison term."

{¶ 11} R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} As this Court further noted in *McGlothan*, at ¶ 12-13:

"On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code.' " *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, ¶ 28. In *State v. Rodeffer*,

2013–Ohio–5759, 5 N.E.3d 1069 (2d Dist.), we held that we would no longer use an abuse of discretion standard in reviewing a felony sentence, but would apply the standard of review set forth in R.C. 2953.08(G)(2).

Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *Rodeffer* stated that "[a]lthough [*State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124] no longer provides the framework for reviewing felony sentences, it does provide * * * adequate guidance for determining whether a sentence is clearly and convincingly contrary to law. * * * According to *Kalish*, a sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R .C. 2929.12." (Citations omitted.) *Rodeffer* at ¶ 32.

{¶ 13} Carson's Judgment Entries of Conviction provide that the court considered the principles and purposes of sentencing pursuant to R.C. 2929.11 and balanced the seriousness and recidivism factors pursuant to R.C. 2929.12. The pre-sentence investigation report indicates that Carson had four prior felony convictions for breaking and entering, aggravated assault, unauthorized use of a motor vehicle, and possession of drugs, and R.C. 2929.13(B)(1)(b)(x) granted the trial court the discretion to impose a prison sentence, given Carson's prior imprisonment. The trial court articulated the

findings required by R.C. 2929.14(C)(4) to impose consecutive sentences, namely that consecutive sentences are necessary to protect the public and punish Carson, that consecutive sentences are not disproportionate to the seriousness of Carson's conduct, and that Carson's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by Carson, and we cannot clearly and convincingly find that the record does not support the trial court's findings. Finally, a sentence of 18 months is the maximum sentence provided for a felony of the fourth degree pursuant to R.C. 2929.14(A)(4), and Carson's sentence is not contrary to law. Having thoroughly and independently reviewed the record as required by *Anders*, we agree with counsel for Carson that the potential assignments of error herein are wholly frivolous. For the foregoing reasons, Carson's potential assignments of error are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Ryan A. Saunders
Ann M. Currier
Richard Carson
Hon. Douglas M. Rastatter