[Cite as *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| | : | Appellate Case No. 2010-CA-87 |
| Appellee, | : | |
| | : | Trial Court Case No. 2010-CR-303 |
| v. | : | |
| | : | |
| LEOPARD, | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Appellant. | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 5th day of August, 2011.

· · · · · · · · · · ·

Andrew Wilson, Clark County Prosecuting Attorney, and Andrew Picek, Assistant Prosecuting Attorney, for appellee

William D. West, for appellant.

· · · · · · · · · · · ·

HALL, Judge.

{¶ 1} Charles W. Leopard II appeals from his conviction and sentence following a guilty plea to two counts of unlawful sexual conduct with a minor, felonies of the third degree.

{¶ 2} The charges against Leopard stemmed from allegations that on multiple occasions, he had inserted his finger into J.R.'s and B.M.'s vaginas, engaged in vaginal intercourse with them, and performed cunnilingus on the girls, who were both 15 years old.

{¶ 3}   The record reflects that 42-year-old Leopard met the two minors by permitting children in the neighborhood to come into his home to "hang out," drink alcohol, and use marijuana.   His home was a well-known gathering spot for neighborhood teens.   Leopard created an environment that condoned illegal activity and provided alcohol for the teens, knowing that young girls would be at his home drinking and partying.   Once the girls were in his home, he made it clear that he was interested in them sexually. He used his access to them to eventually engage in sexual activity with both victims. This activity occurred on multiple occasions over several months.   Both victims had recordings on their cellular devices where Leopard confessed to engaging in numerous, separate, sexual encounters with them.

{¶ 4}   Based on the foregoing activity, Leopard was indicted on six counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04 (A), with specifications that he was ten or more years older than his victims.   At arraignment, Leopard entered a plea of not guilty.   Following a plea bargain, however, he entered a guilty plea to two counts of unlawful sexual conduct with a minor, each with the ten-or-more-years-older specification. The guilty plea involved one count for each of his two victims.

{¶ 5}   The trial court ordered a presentence investigation ("PSI") report and revoked Leopard's bail.   At sentencing, the trial court imposed consecutive four-year prison sentences for a total of eight years.   It also imposed five years of mandatory postrelease control and classified Leopard as a Tier II sexual offender.   This appeal followed.

{¶ 6}   Leopard advances three assignments of error on appeal. First, he contends that his sentence is contrary to law because the trial court failed to make certain necessary findings before imposing consecutive sentences. Second, he claims that his sentence is contrary to law because

the trial court failed to properly consider the statutory principles and purposes of sentencing and the seriousness and recidivism factors. Third, he asserts that the trial court abused its discretion by imposing more than minimum and consecutive sentences.

{¶ 7}   When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision when imposing the term of imprisonment must be reviewed under an abuse-of-discretion standard. Id.

{¶ 8}   In his first assignment of error, Leopard asserts that *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, effectively overruled *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, thus reviving the requirement in R.C. 2929.14(E)(4) that a court make certain findings before imposing consecutive sentences. Because the trial court did not make those findings, Leopard contends his sentence is contrary to law.   We disagree.

{¶ 9}   The requirement in R.C. 2929.14(E)(4) that the trial court make certain findings before imposing consecutive sentences was found unconstitutional and severed from that statute in *Foster*. Leopard's argument that *Foster's* holding was effectively overruled by *Ice* is unpersuasive. In *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, syllabus, the Ohio Supreme Court held that *Ice* does not revive R.C. 2929.14(E)(4). See also *State v. Ferguson*, Montgomery App. No. 23857, 2011-Ohio-752, ¶ 12.   Therefore, pursuant to *Foster*, a trial court is not required to make findings or give reasons for the sentences that it imposes; the court is vested with the full discretion to impose whatever prison term it chooses within the statutory range.

*State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 37. The first assignment of error is overruled.

{¶ 10} In his second assignment of error, Leopard claims that the trial court failed to properly consider the statutory principles and purposes of sentencing and the seriousness and recidivism factors.

{¶ 11} When exercising its sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38. In that regard, R.C. 2929.11 provides:

{¶ 12} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 13} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 14} In turn, R.C. 2929.12 states:

{¶ 15} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the

offender's conduct is more serious than conduct normally constituting the offense:

**{¶ 16}** "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

**{¶ 17}** "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

**{¶ 18}** "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

**{¶ 19}** "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

**{¶ 20}** "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

**{¶ 21}** "(6) The offender's relationship with the victim facilitated the offense.

**{¶ 22}** "(7) The offender committed the offense for hire or as a part of an organized criminal activity.

**{¶ 23}** "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

**{¶ 24}** "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those

children.

{¶ 25} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

{¶ 26} "(1) The victim induced or facilitated the offense.

{¶ 27} "(2) In committing the offense, the offender acted under strong provocation.

{¶ 28} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

{¶ 29} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

{¶ 30} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

{¶ 31} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.

{¶ 32} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

{¶ 33} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

{¶ 34} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

{¶ 35} "(5) The offender shows no genuine remorse for the offense.

{¶ 36} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

{¶ 37} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

{¶ 38} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

{¶ 39} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

{¶ 40} "(4) The offense was committed under circumstances not likely to recur.

{¶ 41} "(5) The offender shows genuine remorse for the offense."

{¶ 42} On appeal, Leopard contends the trial court did not consider "the principles and purposes of sentencing" under R.C. 2929.11 and balance the seriousness and recidivism factors under R.C. 2929.12, although the sentencing entry says that the court did consider those statutes

in rendering its decision. Instead, Leopard asserts that the court imposed two, four-year consecutive sentences because he "got a tremendous break or was shown tremendous leniency from the State of Ohio when the State dismissed four of the counts because * * * it was [not] an issue of being able to prove that."

{¶ 43} Contrary to Leopard's claim, the record illustrates that the trial court did fully consider both the principles and purposes of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors provided by R.C. 2929.12. The trial court explained some of its reasoning for its decision on the record.

{¶ 44} Although the trial court did not specifically cite either statute during the sentencing hearing, its judgment entry stated that it had "considered the record, oral statements of counsel, the defendant's statement, the pre-sentence investigation report, the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and [had] balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." A trial court speaks through its journal entries, and Leopard's sentence is not contrary to law merely because the trial court failed to cite either statute during the sentencing hearing. *State v. Cave*, Clark App. No. 09-CA-6, 2010-Ohio-1237, ¶ 10. "Furthermore, even if there is no specific mention of those statutes in the record, 'it is presumed that the trial court gave proper consideration to those statutes.' " *State v. Miller*, Clark App. No. 09CA28, 2010-Ohio-2138, ¶ 43, quoting *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, fn. 4.

{¶ 45} During the sentencing hearing, the prosecutor stated that although the victims were at the older end of the spectrum as far as juvenile victims, there were many aggravating factors. According to the prosecutor, the most significant was the fact that Leopard had sexually

assaulted two victims. The prosecutor argued: "That points to a couple of issues. First of all, the need to punish him for each victim; and second of all, whether or not he's subject to rehabilitation or looking at recidivism issues. Obviously, those are always concerns when you have more than one victim."

{¶ 46} The prosecutor added, " I'll ask that whatever sentence you pass today must punish him for engaging in sex with two teenage girls and must protect the community to make sure he's not in a position to commit anymore acts like this. * * * A sentence that is not consecutive basically allows him a free pass for one of the victims."

{¶ 47} When imposing its sentence, the trial court "agree[d] with the prosecutor that the sentence imposed should run consecutively." The court complied with the applicable rules and statutes in making this determination. Furthermore, we note that the two four-year sentences that the trial court imposed are not statutory maximum sentences and are within the authorized range of available punishments for felonies of the third degree. R.C. 2929.14(A)(3). We have no basis for concluding that Leopard's sentence is clearly and convincingly contrary to law. His second assignment of error is overruled.

{¶ 48} In his third assignment of error, Leopard contends because he is a first-time offender, the trial court abused its discretion in imposing near maximum and consecutive sentences.

{¶ 49} Leopard argues that his aggregate eight-year sentence is unduly harsh and not supported by the record. Therefore, he claims that it constitutes an abuse of the trial court's discretion. In support, he points to a number of facts and circumstances. They include his lack of a prior criminal record, the consensual nature of the sexual acts, the absence of force, violence, or

physical harm, the lack of exploitation of any mental or physical impairment, and the fact that he was a law-abiding citizen prior to this incident. In light of these facts, Leopard contends that his sentence is unduly harsh and thus constitutes an abuse of the trial court's discretion. Even though the sentence may admittedly appear harsh and would not be the sentence imposed if sentencing were our duty, we cannot say that it is an abuse of discretion.

{¶ 50} The phrase "abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable, or a "view or action that no conscientious judge could honestly have taken." *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493 at ¶ 23; *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Ents., Inc. v. River Place Community Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161.

{¶ 51} Here Leopard's conduct reasonably supports imposition of a sentence within the ranges of R.C. 2929.14(A)(3), which authorizes sentences of one, two, three, four, or five years for third-degree felonies. The trial court stated on the record its reasons for giving Leopard the sentence it did: there were multiple victims, a pattern of behavior over a period of time, multiple instances of offense conduct, planning of the offenses ahead of time, and luring of the victims with alcohol and possibly marijuana.

**{¶ 52}** We conclude that the trial court did not abuse its discretion in imposing consecutive four-year sentences. In the absence of any statute to the contrary, "it is a matter solely within the discretion of the sentencing court whether sentences shall run consecutively or concurrently." *State v. Nunez*, Montgomery App. No. 22208, 2008–Ohio–3376, ¶ 8, citing *Stewart v. Maxwell* (1963), 174 Ohio St. 180, 181; see also *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320. The third assignment of error is overruled.

**{¶ 53}** Having overruled Leopard's three assignments of error, we affirm the judgment of the Clark County Common Pleas Court.

Judgment affirmed.

. . . . . . . . . . . . .

DONOFRIO, J., concurs.

GRADY, P.J., dissents.

Donofrio, J., of the Seventh District Court of Appeals, sitting by assignment.

GRADY, P.J., dissenting:

**{¶ 54}** The presentence investigation report prepared for the trial court in this case reveals that the two victims were 15 years of age. Had they been 16, defendant's conduct would not have been criminal. Defendant used alcohol to entice the victims, but there is no evidence that he used force. His conduct was planned, not merely opportunistic. The report fails to reflect that the victims suffered physical or psychological injuries as a result of defendant's conduct. Defendant expressed remorse.

{¶ 55} Leopard was charged with six counts of unlawful sexual conduct with a minor, R.C. 2907.04. As charged, the offenses are third-degree felonies because Leopard was ten years older than the victim. R.C. 2907.04(B)(3). Third degree felonies are punishable by prison terms of one, two, three, four, or five years. R.C. 2929.14(A)(3).

{¶ 56} The state dismissed counts one, two, four, and five in exchange for defendant's pleas of guilty to counts three and six. His plea exposed Leopard to a maximum punishment of ten years, should maximum five-year sentences be imposed consecutively.

{¶ 57} R.C. 2929.14(B) states that the sentencing court "shall impose the shortest prison term authorized for the offense" unless (1) the offender was previously convicted of a felony offense or (2) the shortest term "will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."

{¶ 58} Leopard was a first offender. Instead of the shortest one-year prison term for each of his two offenses, the trial court imposed a four-year sentence for each, one year less than the maximum, to be served consecutively, for an aggregate term of eight years.

{¶ 59} The court stated that it considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. There is little if any basis to find a higher risk of recidivism, and the court mentioned none. The court was instead concerned with the seriousness of the two offenses, citing defendant's use of alcohol and that he had engaged in a pattern of criminal conduct involving the victims "over a couple of months, maybe even three months."

{¶ 60} The matters to which the court referred are sufficiently serious to elevate defendant's sentences above the one-year minimum term that R.C. 2929.14(B) prescribes.

However, they are not sufficiently serious to quadruple that minimum in each case, and then to double the quadruple by running the sentences consecutively.

{¶ 61} R.C. 2929.14(E)(4) sets out the criteria for imposing consecutive sentences. Consecutive service must be necessary to protect the public from future crime or to punish the offender and not disproportionate to the seriousness of the crime or the danger that the offender poses to the public. Also, when the offenses were committed as part of the same course of conduct, "the harm caused by two or more of the multiple offenses (must have been) so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶ 62} The state recommended consecutive sentences, saying that if consecutive sentences are not imposed, Leopard would get a "free pass" for one of his two offenses. That consideration appears nowhere in R.C. 2929.14(E)(4).

{¶ 63} For the court, the most compelling reason to impose consecutive four-year sentences is in its statement: "I think the defendant got a tremendous break or was shown tremendous leniency from the State of Ohio when the State dismissed four of the counts because I don't think it was an issue of not being able to prove that."

{¶ 64} R.C. 2929.11 and 2929.12 are in accord with the basic philosophy of considering not only the offender's particular conduct but also his character when imposing a sentence. Other matters relevant to one or both may also be considered, and that approach has withstood due-process and double-jeopardy challenges. However, the cases offer no support for imposing a greater sentence merely because the offender escaped punishment for other crimes on account of a plea bargain. The court may consider the conduct those other crimes involved, but not the

fact that the offender was not punished for them as a basis to impose a greater sentence. Notably, that particular consideration appears nowhere in R.C. 2929.11 or 2929.12.

{¶ 65} The Supreme Court did unfortunate damage to the sentencing policies the General Assembly adopted in S.B. 2 when, in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, the court said that judges are "free" to impose any sentence within the available range and, in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, that the power to impose consecutive sentences is "inherent" in the court. Judges have read those holdings as authorization to put aside the statutory policies on sentencing and instead to enforce their own subjective views.

{¶ 66} Even when a sentence is within the available range, courts may not abuse their discretion in choosing the sentence to impose. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912. I find an abuse of discretion in this case. I would modify the sentences to four years concurrent and affirm as modified.

. . . . . . . . . . . . .