[Cite as *State v. Bridgeman*, 2012-Ohio-2098.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-23 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2008-CR-81 |
| v. | : | |
| | : | |
| ADAM C. BRIDGEMAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of May, 2012.

. . . . . . . . . . .

NICK A. SELVAGGIO, Atty. Reg. #0055607, Champaign County Prosecutor's Office, 200 North main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

DARRELL L. HECKMAN, Atty. Reg. #0002389, Harris, Meyer, Heckman & Denkewalter, LLC, One Monument Square, Suite 200, Urbana, Ohio 43078
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Adam C. Bridgeman appeals from his re-sentencing following a remand from this

court to merge allied offenses of similar import.

{¶ 2}    Bridgeman advances two assignments of error on appeal. First, he contends the trial court erred in imposing a statutory maximum sentence. Second, he claims the trial court erred in ordering him to serve his sentence consecutive to his sentence in another county.

{¶ 3}    The record reflects that a jury convicted Bridgeman on charges of aggravated robbery, aggravated burglary, grand theft, and related firearm specifications. The trial court imposed an aggregate thirteen-year prison sentence. This court reversed the convictions based on an erroneous evidentiary ruling and remanded for a new trial. *See State v. Bridgeman*, 2d Dist. Champaign No. 2008 CA 19, 2009-Ohio-4578. Bridgeman was convicted of the charges a second time, and the trial court imposed the same thirteen-year prison sentence. We affirmed in part and reversed in part, finding that the trial court had failed to merge the aggravated robbery, aggravated burglary, and grand theft as allied offenses of similar import. *See State v. Bridgeman*, 2d Dist. Champaign No. 2010 CA 16, 2011-Ohio-2680. Subsequent to that remand, the State elected to proceed on the aggravated robbery conviction and a firearm specification. At a new sentencing hearing, the trial court imposed a ten-year sentence for aggravated robbery and a consecutive, three-year term on the firearm specification. As it had done previously, the trial court also ordered the sentence in this case to be served consecutive to a prior six-month sentence out of Miami County.

{¶ 4}    In his two assignments of error, which he briefs and argues together, Bridgeman claims the trial court abused its discretion in imposing a maximum sentence and in ordering him to serve it consecutive to the six-month Miami County sentence. While acknowledging that trial courts no longer are required to make findings or give reasons for their sentences, Bridgeman nevertheless

contends the trial court abused its discretion because nothing in the record supports the sentence he received. Bridgeman asserts that he was twenty years old at the time of his crimes and that no one was injured in his aggravated robbery. He also points to his lack of prior "similar offenses," while admitting that he previously had committed "several breaking and enterings." (Appellant's brief at 7).

{¶ 5}     Upon review, we find both assignments of error to be without merit. As Bridgeman properly notes, a trial court has discretion to impose any sentence within the authorized statutory range and need not make findings or give reasons for imposing maximum, consecutive, or more-than-minimum sentences. *State v. Coffman*, 2d Dist. Champaign No. 2010 CA 20, 2010-Ohio-4284, ¶ 7 (Citation omitted.)   A trial court need only consider the policies that apply to all felony offenses. *Id.* These include the statutory principles and purposes of sentencing and the statutory seriousness and recidivism factors. *Id.* at ¶ 7-8. In felony sentencing, a trial court abuses its discretion if it unreasonably or arbitrarily evaluates the statutory considerations. *State v. Mays*, 2d Dist. Montgomery No. 24168, 2012-Ohio-838, ¶ 25.

{¶ 6}     In the present case, the trial court stated in its journal entry that it had considered the principles and purposes of sentencing. The journal entry also noted that Bridgeman was on post-release control when he committed his aggravated robbery. Being on post-release control at the time of an offense implicates one of the statutory "recidivism" factors. *See* R.C. 2929.12(D)(1). Bridgeman also admits in his appellate brief that he   previously had committed several "breaking and enterings," which is a relevant recidivism consideration. Bridgeman's status on post-release control and his commission of prior offenses undermines his argument that the trial court had no basis for imposing the sentence it did.

**{¶ 7}** Although the trial court did not engage in a detailed discussion of principles and purposes of sentencing or of the statutory seriousness and recidivism factors, it was not required to do so. Even when a trial court fails to mention the relevant sentencing considerations, we will presume that it gave them proper consideration. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 44 (2d Dist.).

**{¶ 8}** Nothing in the record before us suggests that the trial court abused its discretion in imposing a statutorily authorized ten-year prison sentence for aggravated robbery and a consecutive three-year sentence on the firearm specification. Likewise, nothing in the record suggests that the trial court abused its discretion in ordering the aggregate thirteen-year sentence to be served consecutive to a six-month sentence out of Miami County.

**{¶ 9}** Bridgeman's assignments of error are overruled, and the judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Nick A. Selvaggio
Darrell L. Heckman
Hon. Roger B. Wilson