[Cite as *State v. Heinlein*, 2017-Ohio-7425.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2017-CA-21 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-576 |
| | : | |
| MARK E. HEINLEIN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of September, 2017.

. . . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
 Attorney for Plaintiff-Appellee

BYRON K. SHAW, Atty. Reg. No. 0073124, 4800 Belmont Place, Huber Heights, Ohio 45424
 Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Mark Heinlein was indicted on November 4, 2016 on one count of grand theft (a firearm) in violation of R.C. 2913.02(A)(1), a third degree felony, and one count of receiving stolen property (a firearm) in violation of R.C. 2913.51(A), a fourth degree felony.  Heinlein, on December 22, 2016, entered a guilty plea to the grand theft count.  The State of Ohio, in exchange, dismissed the receiving stolen property count and recommended that Heinlein be sentenced to a term of community control sanctions (CCS).  The trial court ordered the preparation of a pre-sentence investigation report (PSI) and continued the case for sentencing.

{¶ 2} Heinlein appeared before the trial court for a sentencing hearing on March 9, 2017.  The trial court had received the PSI with the PSI recommending a prison term concluding that Heinlein was not amenable to CCS.  The trial court imposed a prison term of 18 months.  The trial court, additionally, ordered Heinlein to pay court costs.  This appeal followed.

{¶ 3} Heinlein was appointed appellate counsel.  Appellate counsel, on May 17, 2017, filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that "Counsel found no valid appellate issues to be addressed herein." *Anders* Brief 4.  Appellate counsel did not indicate consideration of any potential error, concluding that Heinlein's guilty plea was knowing, intelligent, and voluntary and entered into with a "full understanding of his constitutional rights…"  *Id.*

{¶ 4} In an order filed on May 22, 2017, we informed Heinlein of the *Anders* filing and that he had a right to file a pro se brief within 60 days of May 22.  Heinlein did not file a brief.

{¶ 5} We have performed our duty under *Anders* to conduct an independent review of the record. This includes a thorough examination of the *Anders* brief, the plea and sentencing transcripts, and the PSI. This review has revealed an argument that Heinlein's sentence is either contrary to law or the record does not support the trial court's statutory findings relating to the sentence. We, however, conclude that this argument is without potential merit.

{¶ 6} A trial court has full discretion to impose any authorized sentence, and the court is not required to articulate its findings or to set forth its reasons for imposing a particular sentence. *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, a trial court must consider the applicable sentencing criteria, which, in this case, involves the criteria set forth in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 7} Turning to the pending case, Heinlein's sentence is not contrary to law. The prison term that may be imposed for a third degree felony is a term of 9, 12, 18, 24, 30, or 36 months. Heinlein's 18 month prison term is, obviously, within the authorized range, and, thus, not contrary to law on this basis. Further, the trial court's failure to follow the CCS recommendation does not arguably make the sentence contrary to law. The trial court, at the plea hearing, informed Heinlein that he could be sentenced to either CCS or a prison term could be imposed, and there is nothing in the record to support a conclusion that Heinlein had a different understanding. The record, thus, does not support a potentially meritorious argument that Heinlein's sentence is contrary to law.

{¶ 8} We must next consider whether there is a potentially meritorious argument

that we could find by clear and convincing evidence that the record does not support Heinlein's 18 month prison term. This discussion begins by noting that when sentenced Heinlein was age 46 and this was his first felony conviction. Heinlein's previous criminal record, as reflected by the PSI, consisted of a number of traffic violations, a 2004 passing bad checks conviction, and a 2014 theft and criminal trespass conviction.

{¶ 9} The trial court, at the March 9, 2017 sentencing hearing, stated it had considered the parties' statements and the PSI. The trial court further stated that the purposes and principles of sentencing had been considered with these factors "balance[d] [against] the seriousness and recidivism factors pursuant to 2929.12." Sent. Tr. at 8. The trial court, after stating that which had been considered, stated that a prison term was "consistent with the purposes and principles of sentencing and [Heinlein is] not amenable to available community control sanctions." *Id.* The trial court further stated that a "combination of community control sanctions would demean the seriousness of [Heinlein's] conduct, its impact on the victim, and this sentence is commensurate with the seriousness of this conduct and a prison term does not place [an] unnecessary burden on state/government resources." *Id.* at 8-9.

{¶ 10} The PSI indicates that Heinlein was not candid concerning his involvement in the theft offense, that he did not consider his daily heroin use to be a problem, and that he did not complete an ordered drug and alcohol assessment.

{¶ 11} R.C. 2929.11 requires that a felony sentence: (1) protect the public from future crime by the defendant; (2) punish the defendant; and (3) utilize the minimum sanction that will protect the public and punish the offender but will not unnecessarily burden government resources, will not demean the seriousness of the defendant's

conduct and its impact on the victim, and is consistent with sentences imposed under similar circumstances.

{¶ 12} R.C. 2929.12 sets forth a number of factors a trial court must consider when imposing a felony sentence. These factors include circumstances making the offense more or less serious "than conduct normally constituting the offense." R.C. 2929.12(B), (C). None of the more or less serious factors are present in this case. The trial court is also required to consider factors reflecting whether the offender "is likely to commit future crimes." R.C. 2929.12(D). These factors, pertinent to the present discussion, include whether a pattern of alcohol or drug abuse is connected to the offense and the offender either refuses to acknowledge the abuse pattern or he refuses treatment and whether the offender shows remorse for his conduct. R.C. 2929.12(D), (4), (5).

{¶ 13} We cannot conclude, especially in light of Heinlein's refusal to acknowledge his drug abuse pattern and his lack of remorse, that there is a potentially meritorious argument that we could find by clear and convincing evidence that the record does not support Heinlein's sentence.

{¶ 14} It is finally noted that our review does not disclose any other potentially meritorious appellate arguments. The trial court fully complied with Crim.R. 11 and there is no indication that Heinlein's guilty plea was not knowingly, voluntarily, and intelligently entered into with full knowledge of the constitutional rights he was giving up and the actual and potential consequences of the plea.

{¶ 15} We have not, in conclusion, found any appellate issues for review that have arguable merit. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.


Copies mailed to:

Nathaniel R. Luken
Byron K. Shaw
Mark E. Heinlein
Hon. Stephen Wolaver