[Cite as *State v. Brown*, 2019-Ohio-3288.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 28197 and 28198 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-CR-2603 |
| | : | and 2018-CR-2274 |
| JAMES T. BROWN | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of August, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

PAMELA L. PINCHOT, Atty. Reg. No. 0071648, 345 North Main Street, Suite 2, Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} In Montgomery C.P. No. 2018-CR-2274, James T. Brown appeals from a judgment entry of conviction following a plea of guilty to one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree. He was sentenced to 12 months in prison. In Montgomery C.P. No. 2018-CR-2603, Brown appeals from a judgment entry of conviction following a plea of guilty to petty theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. In Case No. 2018-CR-2603, Brown was sentenced to 180 days in the Montgomery County Jail, to be served concurrently with the sentence in Case No. 2018-CR-2274. Brown asserts that his maximum sentences were not clearly and convincingly supported by the record and/or were contrary to law. We hereby affirm the judgment of the trial court.

{¶ 2} On August 6, 2018, Brown was indicted for aggravated possession of drugs. He failed to appear for his arraignment on September 4, 2018. On September 26, 2018, he was charged by way of a bill of information with petty theft. On September 27, 2018, Brown pled guilty to both offenses. At the plea hearing, the court indicated that Brown had "verbally waived the right to grand jury as well as the 24-hour rule," and that Brown had signed the appropriate forms to memorialize his waiver in the misdemeanor case.

{¶ 3} Brown was sentenced on October 25, 2018. The court indicated that it had reviewed Brown's presentence investigation report and that it considered the purposes and principles of sentencing and the seriousness and recidivism factors in imposing sentence for the felony offense. The court advised Brown that, upon his release, he may be required to serve three years of post-release control under the supervision of the parole board. The court disapproved placement in programs of shock incarceration and intensive program prison because of Brown's criminal history. The court noted in each

case that Brown was entitled to 36 days of jail time credit.

{¶ 4} Brown asserts the following assignment of error:

THE TRIAL COURT'S IMPOSITION OF SENTENCE, WHICH WAS THE MAXIMUM SENTENCE OF 12 MONTHS IN PRISON FOR DEFENDANT-APPELLANT'S CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE, A FELONY OF THE FIFTH DEGREE, AND SIX (6) MONTHS IN PRISON FOR DEFENDANT-APPELLANT'S CONVICTION OF THEFT, A MISDEMEANOR OF THE FIRST DEGREE, IS NOT CLEARLY AND CONVINCINGLY SUPPORTED BY THE RECORD AND/OR IS CONTRARY TO LAW.

{¶ 5} Brown asserts that, applying the purposes and principles of sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12 to his case, the maximum sentence was not appropriate. He argues that there was no evidence to support a finding that any factor contained in R.C. 2929.12 existed, which would support the conclusion that his conduct was more serious than that normally constituting the offense. Brown argues that there was, however, evidence in the record to support a finding under R.C. 2929.12(C)(3) that his conduct was less serious than conduct normally constituting the offense, "in that [the] very nature of the charges – possession of drugs and petty theft – demonstrate that [Brown] did not expect to cause physical harm to any person or property." Brown argues that there was also evidence that he was not likely to commit future crimes, as set forth in R.C. 2929.12(E)(3) and (5), insofar as he had "lived a law-abiding life for a significant number of years prior to committing the offense[s] and he exhibited genuine remorse."

{¶ 6} The State notes that this appeal may be moot as it relates only to the imposition of the maximum sentences; it also argues that Brown's sentence was not contrary to law, and that the sentence was supported by the record.

{¶ 7} The Ohio Department of Rehabilitation and Correction's website indicates that Brown was placed on transitional control with supervision by the Adult Parole Authority on March 22, 2019, for a period of six months. In other words, he is serving the last six months of his felony sentence on transitional control. A violation of transitional control could result in Brown's return to the institution to serve the balance of his felony sentence.   R. C. 2967.26(F).   Because he has not completed his sentence, his appeal is not moot.

{¶ 8} As this Court has noted:

> When reviewing felony sentences, appellate courts apply the standard of review found in R.C. 2953.08(G)(2), not an abuse of discretion standard.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.
>
> "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum * * * sentences."  *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, a trial

court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard,* 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.)*,* citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. * * * R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense, whereas R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. Similarly, R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding an offender being more or less likely to commit future crimes.

Although statutory maximum sentences do not require any of the findings specified in R.C. 2953.08(G)(2), the Ohio Supreme Court has found it appropriate "for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

*State v. Roberts*, 2d Dist. Montgomery No. 2018-CA-27, 2019-Ohio-49, ¶ 6-8.

**{¶ 9}** Brown's felony sentence is not contrary to law; pursuant to R.C. 2929.14(A)(5), the maximum sentence for a felony of the fifth degree is 12 months. As

noted above, the trial court indicated to Brown at sentencing that it considered the R.C. 2929.11 and R.C. 2929.12 factors, and the trial court was not required to discuss the individual factors contained within the statutes. *Roberts* at ¶ 13, citing *State v. Sparks*, 2d Dist. Montgomery No. 2017-CA-95, 2018-Ohio-3298, ¶ 8. That being so, an appellate court cannot infer from a trial court's failure to discuss the specific statutory factors that it did not consider them. *Id.*

{¶ 10} Further, Brown's felony sentence is not clearly and convincingly unsupported by the record. His presentence investigation report, which the court considered, reflects that he had 25 prior adult misdemeanor offenses dating back to 1994, including drug and theft offenses. Brown's adult felony record included convictions for possession of drugs (2002), forgery (2006), burglary (2006), receiving stolen property (2007), robbery (2010), and breaking and entering (2012). His felony record further reflected that he had previously been granted intervention in lieu of conviction, placed in the Stop and the MonDay programs, and placed on community control supervision. At sentencing, after Brown asked the court for "an opportunity to get into treatment and get help again," the court responded that "the difficulty with our present situation is your criminal history with this constituting your seventh felony and 26th misdemeanor and your past efforts at supervision having a record of not being successful." Based on our review of the record, including the presentence investigation report, we do not find that Brown's felony sentence was clearly and convincingly unsupported by the evidence.

{¶ 11} Finally, Brown's appeal of his misdemeanor conviction is moot because, in light of his time spent in prison and his jail time credit, Brown has completed his 180 day sentence, and there is no relief we can afford. *State v. Wright*, 2d Dist. Montgomery No.

26471, 2015-Ohio-3919, ¶ 14, 27.

{¶ 12} Brown's assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Pamela L. Pinchot
Hon. Mary Lynn Wiseman