**[Cite as *State v. Henry*, 2020-Ohio-1040.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-10 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-51 |
| | : | |
| SANDRA BROOK IVY HENRY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of March, 2020.

. . . . . . . . . . .

SAMUEL ADAM USMANI, Atty. Reg. No. 0097223, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

JENNIFER S. GETTY, Atty. Reg. No. 0074317, 7501 Paragon Road, Dayton, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Sandra Brook Ivy Henry appeals from a March 25, 2019 judgment entry convicting her, following her guilty plea, of one count of illegal conveyance of drugs of abuse onto grounds of a specified governmental facility, in violation of R.C. 2921.36(A)(2)(G)(2), a felony of the third degree. The court sentenced Henry to 12 months in prison. We hereby affirm the judgment of the trial court.

**{¶ 2}** Henry was indicted on February 4, 2019, and she pled not guilty on February 6, 2019. On March 19, 2019, Henry entered her guilty plea.

**{¶ 3}** The trial court's judgment reflects that a presentence investigation was not ordered. Citing R.C. 2929.13(B)(1)(b)(xi) [sic], regarding Henry's presentence conduct, the court found that Henry "committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance." It further found that at the time of the offense, Henry was "on probation" to the Madison County Municipal Court for driving under suspension, a misdemeanor of the first degree, and she was "on bond or personal recognizance" to Franklin County Common Pleas Court for illegal processing of drug documents, a felony of the fifth degree.

**{¶ 4}** The judgment entry further stated:

Upon evaluation of the * * * factors set forth in R.C. 2929.12, the Court finds that a **<u>term of imprisonment</u>** is consistent with R.C. 2929.11 * * *, to wit:

● Because the Defendant committed the offense after returning from a jail furlough.

● Because the Defendant committed the offense to circumvent jail rules regarding medication.

● Because Defendant's commission of the offense posed a risk to

the rehabilitative environment of the facility.

● Because while at the jail during the pendency of the case, Defendant was issued a jail disciplinary sanction for "cheeking her medication."

● Because at the time of committing the offense, the Defendant was on bond for a prescription drug-related offense, Illegal Processing of Drug Documents, a felony of the fifth degree, from another county.

● The court acknowledges that the Defendant conveyed her own prescription medication into the jail and did not intend to cause physical harm to other inmates.

{¶ 5} On appeal from her conviction, Henry asserts two assignments of error. Her first assignment of error is as follows:

THE TRIAL COURT ERRED IN SENTENCING MS. HENRY WITHOUT ORDERING A PRESENTENCE INVESTIGATION GIVEN THE CIRCUMSTANCES OF THIS CASE.

{¶ 6} We initially note that, in its responsive brief, the State argues that Henry's appeal is moot and directs our attention to Exhibit 1. No Exhibit was attached, and on January 16, 2020, the State filed a motion to correct the record, attached to which was an Ohio Department of Rehabilitation and Correction ("ODRC") printout. The State asserted that it sought "to include this Exhibit as if it had been filed with the original merit brief." The printout reflects that Henry was released from the Ohio Reformatory for Women on January 5, 2020, and that she is currently under the supervision of the Adult Probation Authority ("APA"). This Court's review of the ODRC website, of which we

routinely take judicial notice, reflects the same status for Henry. Since Henry is under APA supervision, her appeal is not moot.

{¶ 7} Regarding the court's failure to order a presentence investigation, Henry directs our attention to Crim.R. 32.2, which provides: "Unless the defendant and the prosecutor in the case agree to waive the presentence investigation report, the court shall, in felony cases, order a presentence investigation and report *before imposing community control sanctions or granting probation.* * * *." (Emphasis added.) The State directs our attention to R.C. 2951.03(A)(1), which provides: "Unless the defendant and the prosecutor who is handling the case against the defendant agree to waive the presentence investigation report, no person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court."

{¶ 8} Crim.R. 11 provides in part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

* * *

(b) Informing the defendant of and determining that the defendant understands * * * that the court, upon acceptance of the plea, may proceed with judgment and sentence.

*See State v. Driscoll*, 2d Dist. Clark No. 2008 CA 93, 2009-Ohio-6134, ¶ 65, citing *State v. Cyrus*, 63 Ohio St.3d 164, 586 N.E.2d 94 (1992) ("A trial court is not required to order

a presentence report pursuant to Crim.R. 32.2(A) in a felony case when probation is not granted.).

{¶ 9} The transcript of the plea hearing reflects the following exchange:

THE COURT: Count One is illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility. It's a felony of the third degree. It carries a maximum 36 months in prison and a maximum fine of $10,000. Do you understand that?

THE WITNESS: Yes, sir.

* * *

THE COURT: Your lawyer and the Prosecutor may have talked to each other about this case. I haven't been involved in their discussions. I haven't told anyone what I will do regarding sentencing. The only thing that the lawyers know is that I'll seek to follow the law. Do you understand that?

THE WITNESS: Yes, sir.

THE COURT: At the time of sentencing the Court must decide whether to impose community control or prison. Community control means probation. It can last for five years. It's a period of time where the Court supervises your life. The Court can determine where you can live, with whom you can live, whether to impose a curfew, suspend your driver's license, impose a no contact order, require you to perform community service, pay fines or court costs, or spend time in jail or a residential facility. Do you understand that?

THE WITNESS: Yes, sir.

* * *

THE COURT: Do you understand that if the Court accepts your plea of guilt, you can be sentenced immediately?"

THE WITNESS: Yes, sir.

{¶ 10} The above colloquy was marginally sufficient to inform Henry that the court was not required to follow the State's recommendation of community control. The better practice would have been to inform her more explicitly. Furthermore, although the law does not require it, when a defendant reasonably expects a presentence investigation will be ordered, the preferred practice would be to inform the defendant that one is not required. Otherwise, it may appear that community control was never a true consideration.

{¶ 11} Nevertheless, based upon the foregoing facts and applicable law, we conclude that Henry's first assignment of error lacks merit, and it is accordingly overruled.

{¶ 12} Henry's second assignment of error is as follows:

THE TRIAL COURT ERRED IN SENTENCING MS. HENRY TO PRISON AND NOT CONSIDERING COMMUNITY CONTROL.

{¶ 13} As this Court has previously noted:

In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either

(1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

In determining the sentence for an individual offense, the trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing a maximum or more than minimum sentence. *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

*State v. Lambert*, 2d Dist. Champaign No. 2018-CA-28, 2019-Ohio-2837, ¶ 8-9.

**{¶ 14}** Henry's sentence of 12 months was within the statutory range for a felony of the third degree. R.C. 2929.14(A)(3)(b). The judgment entry reflects that the trial court considered all relevant factors in imposing sentence, including the factors in R.C. 2929.11 and R.C. 2929.12. The court was not required to make certain specified

findings in imposing sentence.[1]   Accordingly, Henry's second assignment of error is overruled.

{¶ 15} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and HALL, J., concur.

Copies sent to:

Samuel Adam Usmani
Jennifer S. Getty
Hon. Nick A. Selvaggio

---

[1] We note that while the trial court cited R.C. 2929.13(B)(1)(b), that section applies to an offender who commits a felony of the fourth or fifth degree.   It provides:

> * * *
>
> (b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:
>
> * * *
>
> (x) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.