**[Cite as *State v. Scragg*, 2020-Ohio-5543.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28785 |
| | : | |
| v. | : | Trial Court Case Nos. 2019-CR-3629, |
| | : | 2019-CR-3842, 2020-CR-374 |
| SAMUEL J. SCRAGG | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 4th day of December, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

TRAVIS KANE, Atty. Reg. No. 0088191, 130 West Second Street, Suite 460, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Samuel J. Scragg appeals his conviction for one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the third degree; four counts of forgery, in violation of R.C. 2913.31(A)(3), all felonies of the fifth degree; one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree; and one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fourth degree. Scragg filed a timely notice of appeal on April 13, 2020.

{¶ 2} On December 10, 2019, Scragg was indicted in Montgomery C.P. No. 2019-CR-3629 for one count of aggravated possession of drugs and one count of use of or possession with intent to use drug paraphernalia. On January 6, 2020, Scragg was indicted in Montgomery C.P. No. 2019-CR-3842 for three counts of forgery and two counts of petty theft. On March 4, 2020, in Montgomery C.P. No. 2020-CR-374, Scragg was charged by bill of information with one count of receiving stolen property, one count of possession of cocaine, and two counts of forgery.

{¶ 3} Also on March 4, 2020, Scragg pled guilty to one count of aggravated possession of drugs in Case No. 2019-CR-3629; two counts of forgery in Case No. 2019-CR-3842; and one count of receiving stolen property, one count of possession of cocaine, and two counts of forgery in Case No. 2020-CR-374, in exchange for his pleas, the State dismissed the remaining counts and agreed to an overall sentencing limit of 18 months in prison.

{¶ 4} On March 18, 2020, the trial court sentenced Scragg to prison as follows: 12 months for aggravated possession of drugs in Case No. 2019-CR-3629; 12 months on each of the two forgery counts in Case No. 2019-CR-3842; 12 months on each of the two

forgery counts and the single count of possession of cocaine in Case No. 2020-CR-374; and 15 months for the single count of receiving stolen property in Case No. 2020-CR-374. The trial court ordered that all of Scragg's sentences be served concurrently for an aggregate sentence of 15 months in prison.

{¶ 5} It is from this judgment that Scragg now appeals.

{¶ 6} Scragg's sole assignment of error is as follows:

THE TRIAL COURT ERRED BY IMPOSING A SENTENCE OF FIFTEEN MONTHS IN PRISON.

{¶ 7} Scragg contends that the trial court erred when it imposed a 15-month prison term because it improperly considered the safety of local institutions compared to that of state prisons when it calculated his sentence. Specifically, Scragg argues that the following statements made by the trial court at sentencing established that the court erred when it crafted his sentence:

These are unusual times, and we know, we've been in touch with the health authorities, and the jail ain't no place to be right about now. * * * And I feel for these guys, who are – they're there because it's their job, and they're doing their job, and they always do a good job for us, but we can't – we're not putting anybody in STOP. We're drawing down that population, same reason. We ain't got any doctors out there. We don't have any nurses out there. No place to be right about now. * * * So we're doing the same thing at the MonDay program. So in my judgment, the safest place for you to be right now is at – in one of the State institutions. They actually have doctors there. They actually have nurses there. They got mental health

professionals there.   That's a far better place to be, far safer, so that's how I'm going to proceed[.] * * *

Tr. 25-26.   The trial court then went on to say that, in fashioning Scragg's sentence, it had considered the "principles and overriding purposes of sentencing that are set out in the Code, including avoiding unnecessary burden on government resources, the seriousness and recidivism factors in the Code, the dictates of [R.C.] 2929.13, and as otherwise set out in the Code * * *." Tr. 26.

{¶ 8} Additionally, we note that the judgment entries for Case Nos. 2019-CR-3629, 2019-CR-3842, and 2020-CR-374 each contain the following language:

The Court has reviewed and considered a written report of a pre-sentence investigation submitted by the Division of Criminal Justice Services of this Court and has considered the factors under Sections 2929.11, 2929.12 and 2929.13, as well as all other relevant provisions of the Revised Code. * * *

{¶ 9} As this Court has noted:

When reviewing felony sentences, appellate courts apply the standard of review found in R.C. 2953.08(G)(2), not an abuse of discretion standard. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9.   Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

"The trial court has full discretion to impose any sentence within the

authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum * * * sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. * * * R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense, whereas R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. Similarly, R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding an offender being more or less likely to commit future crimes.

Although statutory maximum sentences do not require any of the findings specified in R.C. 2953.08(G)(2), the Ohio Supreme Court has found it appropriate "for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

*State v. Roberts*, 2d Dist. Montgomery No. 2018-CA-27, 2019-Ohio-49, ¶ 6-8.

{¶ 10} Here, the record establishes that the trial court did not formulate Scragg's sentences exclusively based upon its opinions regarding the safety of various penal institutions in Ohio. As previously stated, the trial court imposed a sentence of 12 months in prison for each of Scragg's fifth-degree felony convictions, the maximum sentence. R.C. 2929.14(A)(5). The trial court imposed a 12-month sentence for Scragg's third degree felony conviction, three months more than the minimum sentence for that level of offense. R.C. 2929.14(A)(3)(b). For Scragg's fourth-degree felony conviction, the trial court imposed a sentence of 15 months in prison, nine months more than the minimum sentence for that level of offense.

{¶ 11} It is clear from the record before us that the trial court crafted Scragg's sentences based upon his presentence investigation report and the pertinent statutory factors, namely those enumerated in R.C. 2929.11 and 2929.12. The trial court stated its reasoning on the record and repeated it in the judgment entry for each case. It is within the discretion of the individual judge "to determine the weight to assign a particular statutory factor." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). When making such judgments, the sentencing court "is not required to divorce itself from all personal experiences and make [its] decision in a vacuum." *Id*. at 215-216, quoting *State v. Cook*, 65 Ohio St.3d 516, 529, 605 N.E.2d 70 (1992). In this case, the trial court considered the statutory factors in R.C. 2929.11 and R.C. 2929.12, and the individual sentences were within the statutory ranges for those offenses. Additionally, pursuant to R.C. 2929.12(A), a trial court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the

Revised Code."   Therefore, we find the trial court's rationale for sending Scragg to a state institution was not clearly and convincingly unsupported by the record, since it had the discretion to consider the availability of medical personnel in various institutions, among other factors, when imposing sentence.   Furthermore, this was not a singular count, but rather three separate charging instruments which led to seven felony convictions.

{¶ 12} Scragg's assignment of error is overruled.

{¶ 13} Scragg's assignment of error having been overruled, the judgments of the trial court are affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Travis Kane
Hon. Steven K. Dankof