[Cite as *State v. Sexton*, 2019-Ohio-573.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2018-CA-50 & |
| | : | 2018-CA-51 |
| v. | : | |
| | : | Trial Court Case Nos. 2017-CR-631 & |
| NICHOLE SEXTON | : | 2018-CR-174 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of February, 2019.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

ANDREW C. SCHLUETER, Atty. Reg. No. 0086701, P.O. Box 96, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on Nichole Sexton's April 18, 2018 Notices of Appeal in Clark C.P. Nos. 2017-CR-0631 and 2018-CR-0174. Sexton pled guilty to one count of aggravated possession of drugs in Case No. 2017-CR-0631, and one count of attempted escape in Case No. 2018-CR-0174. She was sentenced to one year on the 2017 case and to 15 months on the 2018 case. The court ordered the sentences to be served consecutively for an aggregate term of 27 months. We hereby affirm the judgment of the trial court

{¶ 2} On October 24, 2017, Sexton was indicted in Case No. 2017-CR-0631 on one count of aggravated possession of drugs and one count of receiving stolen property; she pled not guilty on December 15, 2017. The bill of particulars in that case provided that on July 24, 2017, Sexton was in possession of a bag containing 0.11 grams of methamphetamine and a vehicle stolen on July 18, 2018 "by a female matching Nichole Sexton's description." Sexton was subsequently arrested for failure to appear at a hearing scheduled for February 16, 2018. On March 19, 2018 in Case No. 2018-CR-0174, the State issued a bill of information on the attempted escape offense.

{¶ 3} Sexton entered her pleas on March 20, 2018, pursuant to a written plea agreement. In Case No. 2017-CR-0631, Sexton pled guilty to aggravated possession of drugs in exchange for the dismissal of the receiving stolen property charge. The State further agreed not to proceed on a possible failure to appear charge from February 16, 2018. In Case No. 2018-CR-0174, Sexton pled guilty to the attempted escape offense contained in the bill of information and agreed to execute a waiver of indictment.

{¶ 4} The transcript of the plea hearing reflects that, after the prosecutor and

defense counsel recited the terms of the plea agreement in court, the following exchange occurred:

THE COURT:  * * * Do you understand the terms of the plea agreement, Miss Sexton?

THE DEFENDANT:   Yes, sir.

THE COURT: Is that what you want to do this morning?

THE DEFENDANT:   Yes, sir.

THE COURT:   Are you under the influence of any drugs or alcohol this morning?

THE DEFENDANT:   No, sir. * * *

* * *

THE COURT:   Do you understand the nature of the case and the facts as described by the prosecutor?

THE DEFENDANT:   Yes, sir.

* * *

THE COURT:   Okay.   Your attorney alluded to the fact that on this new offense, the attempted escape offense, that you have the right to have your case presented to the Clark County grand jury; and they would have to make a finding of probable cause to believe that you committed this offense in order to hand down an indictment.

And you have the right to have that process completed prior to answering to the charge in common pleas court.

Do you understand that?

THE DEFENDANT:   Yes, sir.

THE COURT:   * * * [I]t's my understanding that you want to enter a guilty plea to a bill of information, * * *.   In order for the Court to do that you would have to be willing to waive or give up your right to that grand jury process.

Do you understand that?

THE DEFENDANT:   Yes, sir.

THE COURT:   Is that what you'd like to do today?

THE DEFENDANT:   I mean, that's what I've been advised that's best.   Yes, sir.

THE COURT:   * * * If that's what you'd like to do, there is a waiver of indictment that you can sign.

* * *

THE COURT:   For the record, the defendant did sign the waiver of indictment, as did [defense counsel] and [the prosecutor], and the Court's going to sign it at this time as well.

Is this your signature on this written plea document?

THE DEFENDANT:   Yes, sir.   That was from this morning.

THE COURT: Did you have an opportunity to review it with your lawyer?

THE DEFENDANT:   I reviewed it.   Yes, sir.

THE COURT:   Do you understand it?

THE DEFENDANT:   For the most part, yes.

THE COURT: Okay. We're going to go over some things in it. In exchange for your guilty plea to the aggravated possession of drugs offense in the #17-CR-631 case, and a plea of guilty to the attempted escape pursuant to this bill of information, the State has made some promises to you [and] I understand one of them is that they will dismiss the other count in the #17-CR-631 case, that being a charge of receiving stolen property.

They've also agreed to not proceed with a failure to appear charge on that case, and they finally agreed that there would be a pre-sentence investigation prior to your sentencing.

Have there been any other promises made to you to encourage you to get you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Has anybody threatened you to get you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Are you pleading guilty voluntarily?

THE DEFENDANT: Yes, sir.

{¶ 5} The court then advised Sexton of the possible penalties for each offense and about post-release control. Finally, the court conducted a thorough Crim.R. 11 colloquy, advising Sexton of her constitutional rights and ascertaining her understanding thereof. After finding that Sexton entered her pleas knowingly, voluntarily and intelligently, the court ordered a presentence investigation.

{¶ 6} Consistent with the court's advisement, Sexton's plea form provided in part:

I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice and competence. I am not under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of this plea agreement stated entirely as follows:

**Dismiss remaining counts. Defendant to plea to bill of information to one count of attempted escape in case 18-CR-0174. State agrees not to proceed on possible failure to appear Indictment for defendant's failure to appear in case 17-CR-0631 on February 16, 2018. PSI.**

By pleading guilty to the above-listed offense(s), I understand that I am waiving my right to a grand jury indictment as to any of the above-listed offense(s) which were not present in the original indictment. I understand that the Ohio Constitution provides me with a constitutional right to an indictment by a grand jury, which requires the grand jury find probable cause as to the material and essential facts constituting an offense. I understand that by entering this plea of guilty as to the above-listed offense(s), I am waiving that constitutional right as well as any right to an indictment created by statute or rule. * * *

I understand that by pleading guilty I give up my right to a jury trial or court trial, where I could confront and have my attorney question witnesses against me, and where I could use the power of the Court to call witnesses to testify for me. I know at trial I could not have to take the witness stand

and could not be forced to testify against myself and that no one could comment if I chose not to testify. I understand I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of each charge.

{¶ 7} Sexton was sentenced on April 10, 2018. At that time, the court indicated that it had reviewed the presentence investigation report and made the following findings in sentencing Sexton:

THE COURT: I do find that consecutive sentences are necessary to protect the public from future crime and to punish the defendant and that they are not disproportionate to the seriousness of the defendant's conduct and to the danger she poses to the public, and that the attempted escape offense was committed while she was awaiting trial in the drug possession case.

{¶ 8} Sexton's judgment entry of conviction in Case No. 2018-CR-0174, which imposed the consecutive sentence, provided in part as follows:

Upon review of the PSI report, the Court found that it has the discretion, pursuant to Ohio Revised Code Section 2929.13(B)(1)(b)(x), to impose a prison term upon the defendant because she has previously served multiple prison terms.

The Court found pursuant to Ohio Revised Code Section 2929.14(C)(4) that consecutive sentences (1) are necessary to protect the public from future crime and to punish the defendant, (2) are not disproportionate to the seriousness of the defendant's conduct and to the

danger the defendant poses to the public, and (3) the defendant committed the attempted escape offense while she was under indictment and awaiting trial for the aggravated possession of drugs offense.

The Court considered the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.

IT IS HEREBY ORDERED that the defendant serve a prison term of fifteen (15) months in the Ohio State Penitentiary to run consecutively to the twelve (12) month sentence imposed in Case Number 17-CR-631 for a total sentence of twenty-seven (27) months in prison.

{¶ 9} Sexton asserts two assignments of error herein. Her first assignment of error is as follows:

APPELLANT'S GUILTY PLEAS WERE NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

{¶ 10} Sexton asserts that she told the trial court that she understood the written plea form "for the most part," and that her response to the trial court's question regarding her understanding of the written plea form demonstrated confusion. Notwithstanding her confusion, the trial court did not clear-up the matter. Therefore, she asserts that her pleas of guilty were not knowingly, intelligently, and voluntarily made.

{¶ 11} In response, the State points out that Sexton does not identify any defect in the colloquy with the trial court; rather, she contends that she did not understand the *plea*

*agreement*, and that the trial court "did not 'clear up the matter' solely as relates to the plea agreement." The State contends that any argument that a plea was not voluntary, intelligent, and knowing must first center on the trial court's compliance with Crim.R. 11(C)(2).

{¶ 12} This Court recently noted:

Crim.R. 11(C)(2) requires the court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown,* 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with

those requirements. *E.g.*, *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

Furthermore, when non-constitutional rights are at issue, a defendant who challenges his plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. Prejudice in this context means that the plea would otherwise not have been entered. *Id.* at ¶ 15.

*State v. Mayberry*, 2d Dist. Montgomery No. 27530, 2018-Ohio-2220, ¶ 29-31.

{¶ 13} We cannot conclude, as Sexton asserts, that the record reflects "confusion" on her part that the trial court failed to "clear up," or that she has demonstrated a prejudicial effect as a result of her pleas. The terms of the plea agreement were recited in open court by both the prosecutor and defense counsel, and Sexton indicated to the court that she understood the agreement and wanted to proceed. She stated that she was not under the influence of any intoxicants. Sexton affirmed that she was willing to waive indictment on the attempted escape offense after the court explained the grand jury process to her, and she signed the waiver of indictment for that offense. Sexton identified her signature on the written plea agreement, and she stated that she had reviewed it. While she did indicate that she understood the document "[f]or the most

part," we note that Sexton's exchange with the court reflects that she had already signed the plea form, and the court then subsequently thoroughly reviewed the terms of the plea agreement with her. Sexton then indicated that she had not been promised anything else or threatened to plead guilty, and she stated that she entered her pleas voluntarily. Sexton's understanding of the plea process was memorialized on her plea form. As did the trial court, we accordingly conclude that Sexton's pleas were made knowingly, intelligently, and voluntarily. Sexton's first assignment of error is accordingly overruled.

{¶ 14} Sexton's second assignment of error is as follows:

THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.

{¶ 15} Sexton concedes that the trial court made the required statutory findings to impose consecutive sentences, but she asserts that "the record does not support the trial court's finding that consecutive sentences were necessary to protect the public from future crime and to punish Appellant." She asserts that the record also does not support the trial court's finding that consecutive prison sentences were not disproportionate to the seriousness of her conduct and to the danger that she posed to the public. According to Sexton, her criminal history was "characterized primarily by offenses against property such as theft and forgery." She notes that the trial court did not order her to pay restitution in the 2018 case and that her risk of recidivism was in the low to moderate range according to the presentence investigation report.

{¶ 16} The State responds that consecutive sentences were warranted because Sexton had eight prior felony convictions and served three prison terms, noting that she had received consecutive sentences in prior cases. She also had a history of drug abuse that had "not abated" and had failed to appear in the 2017 case, although that charge was

not pursued by the State. The State argues that the public needed to be protected from Sexton, she needed to be punished for her behavior, and consecutive sentences are not disproportionate to the seriousness of her conduct or the danger she posed to the public.

{¶ 17} The State's argument is supported by Ohio law. R.C. 2953.08(G)(2) provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 18} As this Court has previously noted:

> In determining the sentence for an offense, the trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing a maximum or more than minimum sentence. *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory criteria that apply to every

felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

\* \* \*

In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 16, ¶ 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, after determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts.

*State v. Moore*, 2d Dist. Clark No. 2016-CA-45, 2018-Ohio-2111, ¶ 21, 23.

{¶ 19} R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses

while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 20}** It is undisputed that the trial court made the requisite findings, pursuant to R.C. 2929.14(C)(4), to impose consecutive sentences, and we cannot conclude that the record does not support those findings. Sexton's presentence investigation report reflected that she had a significant criminal history as an adult and that she had served multiple sentences at the Ohio Reformatory for Women for felony theft, with some of the sentences imposed consecutively. She had also served time for felony forgery. In total, her criminal history included eight felonies, as well as convictions for criminal trespass and assault. As the State notes, a fourth-degree felony charge of receiving stolen property (a vehicle) was dismissed in exchange for Sexton's pleas, and the State agreed not to pursue a charge of failure to appear in the 2017 case following her arrest for that offense. Sexton reported that she has abused marijuana, heroin, and methamphetamine. Finally, as the trial court found, Sexton attempted to escape while

she was under indictment and awaiting trial. We conclude that the record supports the findings that consecutive sentences were necessary to protect the public from future crime by Sexton and to punish her, and that consecutive service was not disproportionate to Sexton's conduct and the danger she posed to the public. For the foregoing reasons, Sexton's second assignment of error is overruled.

{¶ 21} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

FROELICH, J., concurs in judgment only:

{¶ 22} The plea colloquy process is too often a Kabuki theater of legalistic verbiage. When Sexton said she understood the plea document "for the most part," she was clearly saying there were parts she did not understand. It was the duty of the trial court to address directly Sexton's lack of understanding.

{¶ 23} However, the facts of this case support the majority's determination that, by the end of the process, Sexton's plea was knowing, intelligent and voluntary.

Copies sent to:

Andrew P. Pickering
Andrew C. Schlueter
Hon. Douglas M. Rastatter