[Cite as *State v. Stigall*, 2019-Ohio-1263.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-18 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-78 |
| | : | |
| CURTIS L. STIGALL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of April, 2019.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
	Attorney for Plaintiff-Appellee

WILLIAM O. CASS, Atty. Reg. No. 0034517, 135 West Dorothy Lane, Suite 117, Dayton, Ohio 45429
	Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Curtis L. Stigall appeals his conviction for one count of operating a vehicle under the influence of alcohol, a drug of abuse or a combination of them, a misdemeanor of the first degree; four counts of vehicular assault, all felonies of the fourth degree; and one count of tampering with evidence, a felony of the third degree. Stigall filed a delayed notice of appeal with this Court on May 30, 2018, which we sustained.

{¶ 2} The incident which forms the basis for Stigall's convictions occurred on October 8, 2016, when Stigall was travelling eastbound in his motor vehicle on U.S. Highway 36 in Cable, Champaign County, Ohio. By his own admission, Stigall had been celebrating his birthday at a bar in Urbana, Ohio, from approximately 1:00 p.m. until 10:00 p.m. that day and was heavily intoxicated. At some point, Stigall drove his vehicle left of the center line and crashed into another vehicle head-on. The vehicle was being driven by Kelsey Thomas. Also in Thomas's vehicle at the time of accident were her boyfriend, Chris Borders, her nine-year old son, her four-year old daughter, and her three-month old daughter. While the infant was secured in a child's car seat, no one else in the vehicle was wearing a seat belt. A third vehicle driven by Shane Herbert crashed into the rear of Thomas's vehicle.

{¶ 3} Police arrived at the scene of the accident and closed off the roadway. Upon being questioned by the police, Stigall initially agreed to provide a urine sample at the scene. However, Stigall destroyed the urine sample before providing it to the police. Stigall's blood alcohol level was later determined to be .240, three times the legal limit,

and a toxicology report indicated that Stigall had barbiturates in his system. The record established that Stigall did not have a prescription for barbiturates. Stigall suffered a broken left hand and some abdominal bruising in the accident.

{¶ 4} As result of the accident, Thomas suffered four broken ribs, a broken pelvis, a broken hip, two broken wrists, a shattered right knee, a collapsed lung, and two fractured ankles.[1] Thomas's son suffered two broken legs and a brain bleed. The older daughter suffered a skull fracture and a broken collarbone; the infant daughter was not injured in the crash. Borders suffered an acute brain injury, a dislocated hip, facial fractures, and lacerations of his spleen, kidney, and liver which required surgery. As a result of the acute brain injury, Borders cannot move his arms and legs, eats through a feeding tube, and breathes with the aid of a respirator. Borders's doctors were unsure if he would ever regain his cognitive and/or motor skills. Herbert, the driver of the third vehicle, was not injured in the accident.

{¶ 5} On April 6, 2017, Stigall was indicted for two counts of operating a vehicle under the influence of alcohol, a drug of abuse or a combination of them, in violation of R.C. 4511.19(A)(1)(a)(G)(1)(b); four counts of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1)(a)(B)(1); four counts of vehicular assault, in violation of R.C. 2903.08(A)(2)(b)(C)(2), and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1)(B). At his arraignment on April 26, 2017, Stigall pled not guilty to all the charges in the indictment, and the trial court placed him on electronic home detention pending trial.

---

[1] Thomas was also found to have blood alcohol level of .178, over twice the legal limit. As a result of her intoxication, Thomas was charged with and convicted of child endangering and operating a vehicle under the influence (OVI).

{¶ 6} On July 17, 2017, Stigall pled guilty to one count of operating a vehicle under the influence (Count I); four counts of vehicular assault (Counts VII – X); and one count of tampering with evidence (Count XI), in return for dismissal of the remaining charges. The trial court found Stigall guilty and ordered the Adult Probation Department to prepare a presentence investigation report (PSI). At Stigall's disposition on September 6, 2017, the trial court sentenced him as follows: Count I, six months in the Tri-County Regional Jail; Count VII, 18 months in prison; Count VIII, 18 months in prison; Count IX, 15 months in prison; Count X, 15 months in prison; and Count XI, nine months in prison. The trial court ordered that the sentences imposed for Counts VII, VIII, IX, and X be served consecutively to one another but concurrently to the sentences imposed for Counts I and XI, for an aggregate sentence of 66 months in prison.

{¶ 7} It is from this judgment that Stigall now appeals.

{¶ 8} Stigall's sole assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT

TO 66 MONTHS AND IMPOSED CONSECUTIVE SENTENCES.

{¶ 9} In his assignment, Stigall contends that the trial court erred when it ordered that the sentences for Counts VII-X be served consecutively. Specifically, Stigall argues that the record fails to support the imposition of consecutive sentences.

{¶ 10} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain

specified findings or (2) that the sentence imposed is contrary to law.

{¶ 11} As this Court has previously noted:

"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

*State v. Armstrong*, 2d Dist. Champaign No. 2015-CA-31, 2016-Ohio-5263, ¶ 12.

{¶ 12} In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or

was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} At Stigall's sentencing hearing, the trial court stated the following:

The Court: * * * I think the thing that makes it difficult for this Court is the fact that this is your second OVI.   And while your PSI indicates that you haven't had any involvement with the court system in the last five years, having a second OVI is a difficult thing for the Court to accept.   But the Court also recognizes that Kelsey Thomas also had her second OVI result – as a result of this offense.

* * *

[The] Court reviewed the pre-sentence investigation report, the written impact statement marked as Court Exhibit 1 and 2, and letters written by or behalf [sic] of the Defendant marked A through E.   With regard to pre-sentence findings, the Court finds that Defendant did not violate bond.   And that he had an Ohio Risk Assessment Score of 15, which is considered moderate.   Court finds that Counts One, Seven, Eight, Nine,

Ten, and Eleven are not allied offenses of similar import and do not merge.

In imposing sentence, the Court considered and applied the purposes and principles of sentencing as set forth by [R.C.] 2929.11 Divisions A, B, and C. The Court also considered the seriousness of the conduct, likelihood of recidivism, and lack of service in the Armed Forces.

With regard to more serious factors, the Court finds that the victim of the offenses suffered serious physical harm as a result of the offense. That the Defendant was unlawfully intoxicated during the operation of the motor vehicle. The Defendant's blood alcohol content was .240 by weight per unit volume of alcohol in the Defendant's whole blood. That the Defendant's conduct at the scene destroyed evidence that could have been used to prove his level of intoxication closer to the actual incident. The destruction allowed Defendant's true blood alcohol to further metabolize before toxicology examination could take place. That the Defendant caused an accident that resulted, not only in the collision with one vehicle, but caused an otherwise innocent third vehicle to collide with the vehicles. That the Defendant has a prior OVI conviction. And that by third party accounts there is no indication that the victim driver entered the Defendant's lane of travel prior to the collision.

With regard to the less serious factors, the Court finds that the victim facilitated the offense. To wit, the victim driver's blood alcohol level was .170 [sic] by weight per unit volume of alcohol in the victim's whole blood. That the victim driver has a prior OVI conviction. That it is unknown

whether the victim driver could have avoided the accident. * * * Court also finds as less serious that the victim driver did not restrain the two child occupants with seat belts, which logically and reasonably exacerbated the injuries suffered by the children.

The Court could, I guess, make the same conclusion with the unrestraint of Kelsey Thomas and Chris Borders. But when the Court announces sentence, the Court also takes into account that the injuries suffered by Ms. Thomas and Mr. Borders were more significant and, therefore, the sentence that is being handed down is higher than the sentence involving the children.

The Court concludes that factors establishing the Defendant's conduct is more serious outweigh factors establishing Defendant's conduct is less serious. With regard to recidivism and more likely to commit future crimes, the Court finds that Defendant was previously adjudicated a delinquent child and has a history of criminal convictions. He has not been rehabilitated to a satisfactory degree. And he has not responded favorably to sanctions previously imposed for criminal convictions. And he has a prior OVI conviction.

With regard to less likely to commit future crimes, the Court finds that Defendant led a law-abiding life for a significant number of years. The Court concludes that factors establishing Defendant's recidivism is more likely outweigh factors establishing Defendant's recidivism is less likely.

* * *

With regard to the [R.C] 2929.13(B)(1)(b) findings, the Court only finds one factor present. And that is the offense is not a qualifying – well, I'll read the entire thing. If the offense is a qualifying assault offense that the Defendant caused serious physical harm to another person while committing the offense and that the offense is not a qualifying assault offense, the Defendant caused physical harm to another person while committing the offense. It is that factor that the Court believes gives the Court discretion to consider the possibility of a prison term.

* * *

The sentences in Counts Seven, Eight, Nine, and Ten are consecutive to one another but concurrent to Count One and Eleven for a total sentence of 66 months to the Ohio Department of Correction.

*In imposing consecutive sentences the Court finds that consecutive sentencing is necessary to protect the public from future crime or to punish the Defendant. Consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger that the Defendant poses to the public. And at least two of the multiple offenses were committed as part of one or more courses of conduct. And the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflect the seriousness of the Defendant's conduct.*

Sentencing Tr. 33, 39-43, 45-46.

{¶ 14} Before imposing sentence, the trial court indicated that it had received and reviewed Stigall's PSI. The PSI included a statement of the facts underlying the offenses, police reports/probable cause affidavits, Stigall's version of the events, the injuries suffered by the victims, victim impact statements, descriptions of Stigall's juvenile adjudications and prior adult convictions, Stigall's social history (his upbringing, health, employment, financial situation, substance abuse history), a copy of the indictment, the Ohio Risk Assessment System report (indicating a final risk level of "moderate"), and some of Border's medical records. The court also heard statements from defense counsel, the prosecutor, Borders' sister, and Stigall. Specifically, the record establishes that Stigall had juvenile adjudications for one count of criminal damaging (misdemeanor of the second degree) and one count of disorderly conduct (a minor misdemeanor). Stigall had prior adult convictions for disorderly conduct, telecommunications harassment, and most significantly, OVI dating back to 2011. We note that Stigall's PSI indicated that his blood alcohol level in the 2011 OVI was found to be .224, almost three times the legal limit.

{¶ 15} On the record before us, the trial court appears to have considered the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. The trial court's sentences were within the statutory range and, given Stigall's conduct as a juvenile and since becoming an adult, we cannot conclude that the trial court's imposition of prison sentences for the instant offenses was clearly and convincingly unsupported by the record.

{¶ 16} Additionally, the trial court made the requisite findings to support the imposition of consecutive sentences. Specifically, the trial court found that consecutive

sentences were necessary to protect the public from future crime and to punish Stigall, and that they were not disproportionate to the seriousness of Stigall's conduct and to the danger he posed to the public. The trial court further found that the offenses were committed as part of a course of conduct and the harm caused by these offenses was so great or unusual that no single prison term adequately reflected the seriousness of his conduct. Specifically, as a result of Stigall's high level of intoxication, he drove his vehicle left of the center line and crashed head-on into the vehicle driven by Thomas. A third vehicle driven by Herbert unavoidably crashed into the rear of Thomas's vehicle.

{¶ 17} As previously stated, Thomas and two of her children suffered severe injuries as a result of the accident. An infant child was not injured in the crash ostensibly because she was secured in a car seat. Most significant are the injuries Borders suffered in the accident. Borders received an acute brain injury, a dislocated hip, facial fractures, and lacerations of the spleen, kidney, and liver, which required surgery. As a result of the brain injury, Borders remained in a vegetative state. Borders is fed through a tube, and he breathes with the assistance of a ventilator. While the trial court considered Thomas's intoxication and the fact that everyone in the vehicle (except for the infant) was not wearing a seatbelt, the court ultimately found those factors to be outweighed by Stigall's conduct and the substantial harm caused by the collision.

{¶ 18} We note that Stigall does not contend that the trial court was incorrect in any of its findings. As is obvious from its comments during the sentencing hearing, the trial court spent a great deal of time explaining its rationale for the sentence it ultimately imposed. Upon review, we cannot conclude that the trial court's course-of-conduct finding was clearly and convincingly unsupported by the record. Accordingly, the trial

court did not err when it imposed consecutive sentences.

**{¶ 19}** Stigall's sole assignment of error is overruled.

**{¶ 20}** Stigall's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies sent to:

Jane A. Napier
William O. Cass
Hon. Nick A. Selvaggio