[Cite as *State v. Thompson*, 2019-Ohio-5016.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-13 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-385 |
| | : | |
| TREMAINE THOMPSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of December, 2019.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

JOHNNA M. SHIA, Atty. Reg. No. 0067685, P.O. Box 145, Springboro, Ohio 45066
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Tremaine Thompson was charged with one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree. At his arraignment on June 14, 2018, Thompson pled not guilty to the charged offense, and the trial court released him on his own recognizance with electronic monitoring. On January 10, 2019, Thompson pled guilty to an amended charge of aggravated assault, in violation of R.C. 2903.12(A)(1), a felony of the fourth degree. The trial court accepted Thompson's guilty plea and ordered the probation department to prepare a presentence investigation report (PSI). On January 30, 2019, the trial court sentenced Thompson to 18 months in prison. On February 25, 2019, Thompson filed a timely notice of appeal with this Court.

{¶ 2} Appointed counsel for Thompson filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), stating she can find no meritorious issues for appellate review. We notified Thompson of appellate counsel's representation and afforded him time to file a pro se brief. None has been received. This matter is now before us for our independent review of the record. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 3} Thompson's appellate counsel has identified three potentially meritorious issues for appeal: 1) whether Thompson's plea was made in a knowing, intelligent, and voluntary fashion; 2) whether the trial court followed the mandates of Crim.R. 11; and 3) whether the trial court's sentence was contrary to law or an abuse of discretion.

### Compliance with Crim.R. 11

{¶ 4} "Crim.R. 11(C)(2)(a) provides that, before accepting a guilty plea, a court

must '[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.' " *State v. Jones*, 2d Dist. Montgomery No. 24772, 2013-Ohio-119, ¶ 6. "The 'maximum penalty' includes any mandatory post-release control sanction[.]" *Id.* at ¶ 7. "Thus if the defendant will be subject to a period of post-release control, to comply with Crim.R. 11 the court must inform the defendant of post-release control." *Id.*

{¶ 5} "The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11." *State v. Jennings*, 2d Dist. Clark No. 2013 CA 60, 2014-Ohio-2307, ¶ 6, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. "However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements." *Id.*, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citations omitted.) *Nero* at 108.

{¶ 6} "Furthermore, when non-constitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect." *Jennings* at ¶ 7, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. "Prejudice in this context means that the plea would otherwise not have been entered." *Id.*

{¶ 7} Upon review of the plea transcript, we conclude that the record reveals no arguably meritorious issues regarding the trial court's compliance with Crim.R. 11 in accepting Thompson's guilty plea. The record clearly establishes that prior to entering his plea, Thompson was advised of the charge, the possible sentence, and the

constitutional and non-constitutional rights he was waiving by pleading guilty. At no point did Thompson express any confusion regarding any of the information provided by the trial court in its Crim.R. 11 colloquy. Rather, Thompson affirmatively stated that he understood the rights he was waiving. Furthermore, the agreement negotiated by the parties benefitted Thompson by allowing him to plead guilty to the lesser offense of aggravated assault, a felony of the fourth degree, when he had been charged with a felony of the second degree. Therefore, we conclude that the trial court did not violate Crim.R. 11(C)(2)(c) in accepting Thompson's plea, and that he entered his plea knowingly, intelligently, and voluntarily.

**Lawfulness of the Sentence**

{¶ 8} As this Court has previously noted:

"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

*State v. Armstrong*, 2d Dist. Champaign No. 2015-CA-31, 2016-Ohio-5263, ¶ 12.

{¶ 9} R.C. 2929.11 requires trial courts to be guided by the overriding principles of felony sentencing. Those purposes are "to protect the public from future crime by the

offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 10} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense. These factors include whether the physical or mental injury to the victim was exacerbated because of the physical or mental condition of the victim; serious physical, psychological, or economic harm suffered by the victim as a result of the offense; whether the offender's relationship with the victim facilitated the offense; and whether the offender committed the offense for hire or as a part of an organized criminal activity.

{¶ 11} R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense, including whether the victim induced or facilitated the offense, whether the offender acted under strong provocation, whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person or property, and the existence of substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C.

2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶ 12} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 13} In the instant case, the trial court imposed a sentence within the permissible statutory range. The record establishes that the trial court reviewed the PSI, Thompson's statements, and the statements of counsel. The record further establishes that the trial court considered the principles and purposes of sentencing under R.C. 2929.11, and that it balanced the seriousness and recidivism factors set forth in R.C. 2929.12. Although the trial court did not orally advise Thompson at the sentencing hearing of its findings pursuant to R.C. 2929.11 and 2929.12, the judgment entry of conviction contains those findings. "On a silent record, a trial court is presumed to have considered the statutory purposes and principles of sentencing and the statutory seriousness and recidivism factors." *State v. Goldblum*, 2d Dist. Montgomery No. 25851, 2014-Ohio-5068, ¶ 50.

{¶ 14} In light of the foregoing, we conclude that the record reveals no arguably meritorious issues regarding the 18 month sentence imposed by the trial court. Notably, Thompson had a lengthy criminal history and three prior prison commitments.

{¶ 15} In addition to reviewing the possible issues for appeal raised by Thompson's

appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit.   Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

John M. Lintz
Johnna M. Shia
Tremaine Thompson
Hon. Richard J. O'Neill